**AFFIRMED; Opinion Filed November 4, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-14-00296-CR

---

**ROBERT EARL BUCKLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1361612-M**

---

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Stoddart
Opinion by Justice Stoddart

A jury convicted Robert Buckley of possession of a controlled substance in an amount less than one gram and assessed his punishment at one-year incarceration. In a single issue, Buckley argues he received ineffective assistance of counsel because his counsel did not file a motion to suppress evidence. We affirm the trial court's judgment.

To successfully assert an ineffective assistance of counsel challenge on direct appeal, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must affirmatively

RECEIVED IN
COURT OF APPEALS, 5th DIST

DEC 03 2015

LISA MATZ
CLERK, 5th DISTRICT

demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The court of criminal appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander*, 101 S.W.3d at 110. Further, counsel should ordinarily be accorded the opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Buckley's counsel filed an omnibus pre-trial motion that included a request for a hearing outside the jury's presence before the State offered any evidence seized or recovered during the investigation of the case, and also requested the trial court suppress any evidence obtained by unconstitutional means. When the trial court considered Buckley's omnibus motion during a pre-trial hearing, the court asked Buckley's counsel whether he was making a motion to suppress. Counsel replied he was not seeking a hearing on a motion to suppress and asked the trial court not to admit evidence obtained in violation of the constitution.

Although Buckley filed a motion for new trial, he did not raise the issue of ineffective assistance of counsel, and no evidentiary hearing was conducted on the issue. Thus, the record is silent about counsel's reasons for his actions.

Because the record is silent, we do not know why Buckley's counsel declined to seek a hearing on his motion to suppress evidence. Therefore, based on this silent record, we conclude

Buckley has not met his burden of overcoming the strong presumption of reasonable assistance of counsel. We overrule Buckley's sole issue.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140296F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL BUCKLEY, Appellant

No. 05-14-00296-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1361612-M.
Opinion delivered by Justice Stoddart.
Chief Justice Wright and Justice Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of November, 2015.



**Court of Appeals**
**Fifth District of Texas at Dallas**
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202



02 1P     **$ 000.48⁵**
0000856274     NOV 04 2015
MAILED FROM ZIP CODE 75201

CASE: 05-14-00296-CR
ROBERT EARL BUCKLEY

## RETURN TO SENDER
## NOT IN DALLAS COUNTY JAIL